**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| NANCY WILLIS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-02884-TLP-tmp |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER TRANSFERRING SUCCESSIVE § 2255 PETITION TO THE UNITED STATES**
**COURT OF APPEALS FOR THE SIXTH CIRCUIT AND CLOSING CASE**

Movant Nancy Willis[1] sues pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. (ECF No. 1). This is her third § 2255 Petition on this case. For the following reasons, the Court **TRANSFERS** this successive § 2255 Petition to the Sixth Circuit Court of Appeals and directs the Clerk to close this case without entry of judgment.

## BACKGROUND

### I.    Criminal Case, No. 2:04-cr-20314-SHM-01

A federal grand jury in the Western District of Tennessee returned a seventeen-count second superseding indictment against Willis in March 2005.[2] After trial, a jury convicted Willis of robbing seven women's clothing stores in or near Memphis, Tennessee between July 2003 and July 2004. (*See* ECF Nos. 108 & 109.) The Court then sentenced Willis to serve 160 years in

---

[1] Willis is a federal prisoner, Bureau of Prisons registration number 19840-076. The federal government is housing her currently at the Federal Medical Center Carswell in Fort Worth, Texas.

[2] Willis's co-defendant was Vickie Herron. *See* No. 2:04-cr-20314, ECF No. 51.

prison.  (*See* ECF Nos. 125 & 127.)  The Sixth Circuit affirmed Willis's convictions and

sentences.  *United States v. Willis*, 232 F. App'x 527, 529–32 (6th Cir. 2007).

## II.      First § 2255 Motion

In 2010, Willis filed the first § 2255 Motion in her criminal case alleging that her

convictions were invalid under *Bailey v. United States*, 516 U.S. 137 (1995) and *United States v.*

*O'Brien*, 560 U.S. 218 (2010).  (*See* No. 2:04-cr-20314, ECF No. 160.)  The Court denied

Plaintiff's motion (ECF No. 161), and the Sixth Circuit Court of Appeals denied a certificate of

appealability (ECF No. 168).

## III.     Second Habeas Petition, Case No. 19-2680

Willis filed her second § 2255 motion in June 2016.  (*See* No. 2:16-cv-2405-TLP-tmp,

ECF No. 1.)  She alleges that:

1.      Her sentence violates the holding of *Johnson v. United States*, 135 S. Ct. 2551
        (2015) (*id.* at PageID 4)

2.      Willis was sentenced by the judge and not a jury (*id.* at PageID 5)

3.      Trial counsel provided ineffective assistance by failing to file a motion for
        severance (*id.* at PageID 7); and

4.      Willis's sentence was unduly harsh (*id.* at PageID 8).

In February 2019, this Court denied Willis's second § 2255 Motion (ECF No. 14) and entered a

judgment accordingly (ECF No. 15).

## <u>ANALYSIS</u>

On December 23, 2019, Willis filed the instant motion—her third § 2255 Motion.  (*See*

No. 2:19-cv-2884-TLP-tmp, ECF No. 1.)  This Court lacks the authority to decide this Motion

because the Sixth Circuit Court of Appeals has not approved its filing.  28 U.S.C. § 2255(h); 28

U.S.C. § 2244(b)(3)(A).  Under *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam), "when

a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *See Moreland v. Robinson*, 813 F.3d 315, 325 (6th Cir. 2016) ("[T]he district court should have transferred those motions here for processing as requests for permission to present claims in a second or successive habeas petition").

This Court therefore **ORDERS**, under *In re Sims*, that the Clerk transfer this motion to the United States Court of Appeals for the Sixth Circuit. The Court further **DIRECTS** the Clerk to close this case without entry of a judgment.

**SO ORDERED,** this 14th day of January, 2020.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE